UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA HICKS,

    **Plaintiff.**

vs.                                              Case No. 8:17-cv-612-T-27-TGW

**WELLS FARGO BANK, NATIONAL
ASSOCIATION AS TRUSTEE FOR
BNC MORTGAGE LOAN TRUST
2007-4, MORTGAGE PASS-
THROUGH CERTIFICATES,
SERIES 2007-4, and OCWEN LOAN
SERVICING, LLC,**

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 10) and Plaintiff's Memorandum in Opposition (Dkt. 13). Upon consideration, the motion is **GRANTED in part and DENIED in part.**

## I. BACKGROUND

Angela Hicks alleges that she "executed a promissory note secured by a residential mortgage for a loan on her personal residence located in Tampa, Florida" on May 10, 2007. (Dkt. 8 ¶ 9). Wells Fargo Bank, National Association is the principal of its agent, Ocwen Loan Servicing, LLC, (*Id.* ¶ 7-8), and is the owner of the Original Note and Mortgage. (Dkt. 9). On February 12, 2014, Plaintiff filed suit against Ocwen, as the loan servicing agent for her mortgage, for multiple violations of the Federal Debt Collection Practices Act ("FDCPA") and the Florida Consumer Practices Act ("FCCPA") relating to her note and mortgage. (*Id.* ¶ 10). In early 2015, following a mediation

1

settlement, "the parties ... entered into a Loan Modification Agreement relating to [Plaintiff's] Note and Mortgage." (*Id.* ¶ 13; Dkt. 9). Wells Fargo filed a foreclosure action on Plaintiff's home on February 22, 2015 and voluntarily dismissed the foreclosure action on June 6, 2016. (Dkt. 8 ¶ 14). Both Wells Fargo and Ocwen sent confirmation and acknowledgment that Plaintiff retained counsel and that future correspondence regarding her note and mortgage would be sent to Plaintiff's attorneys. (*Id.* ¶ 15-17). Plaintiff brought this action against Wells Fargo and Ocwen for violating the provisions of the FDCPA and FCCPA. (*Id.* ¶ 18-19). Defendants move to dismiss the complaint for failure to state a claim. (Dkt. 10).

## II. STANDARD

A complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations within a complaint "must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A sufficient pleading "require[s] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 558. All factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. 662 at 678. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. DISCUSSION

### *A. Plaintiff Has Not Sufficiently Pled a Claim Under the FDCPA*

To state a claim under the FDCPA, a plaintiff must establish that the Defendant is a "debt collector." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012).

2

Under the FDCPA, a debt collector is "any person [1] who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

### *1. Plaintiff Fails to Show That Wells Fargo is a "Debt Collector" Under the FDCPA*

Defendants argue that Wells Fargo is a principal, or trustee of the secured mortgage, or owner of the loan documents and therefore cannot meet the statutory definition of "debt collector" under the FDCPA. (Dkt. 10 at 5). Plaintiff concedes that she is not suing Wells Fargo under the FDCPA. (Dkt. 13 at 5). Count I against Wells Fargo will therefore be dismissed.

### *2. Plaintiff Fails to Show That Ocwen is a "Debt Collector" Under the FDCPA*

Defendants argue that Plaintiff has not sufficiently alleged that Ocwen is a "debt collector." Plaintiff's conclusory allegation that the Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) is insufficient to state a FDCPA claim. *See Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 800 (11th Cir. 2016) ("In their Amended Complaint, Plaintiffs assert that [Defendants] are each 'debt collectors'; however, such 'threadbare recitals of a cause of action's elements' do not suffice." (quoting *Iqbal*, 556 U.S. at 663)); *Collins v. BSI Financial Services*, No. 2:16-CV-262-WHA, 2016 WL6776284, at *6 (M.D. Ala. Nov. 15, 2016). The Amended Complaint fails to allege more than a conclusory allegation. (Dkt. 8 ¶ 8).

Plaintiff contends that Exhibit 5 to the Amended Complaint supports her contention that Ocwen is a "debt collector." She alleges that "Ocwen identifies itself as a 'debt collector attempting to collect a debt'" in correspondence with Plaintiff's attorney. (*Id.* at Ex. 5). However, "the language

3

of the communication in question" determines if the correspondence is "in connection with the collection of any debt." *Farquharson*, 664 F. App'x at 801 (quoting *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014)). It does not.

In Exhibit 5, Ocwen merely acknowledges Plaintiff's representation by counsel and agrees to cease direct communication with Plaintiff. (Dkt. 8 Ex. 5 at 1). Therefore, "[t]he amended complaint does not expressly state that the 'principal purpose' of [Ocwen's] business is debt collection, as required by the definition of 'debt collector.'" *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1317 (11th Cir. 2015) ("[W]e can plausibly infer that *some* part of [Defendant's] business is debt collection, but [Plaintiff] fails to provide any basis from which we could plausibly infer that the 'principal purpose' of [Defendant's] business is debt collection.").

Plaintiff provides neither factual allegations nor exhibits showing that Ocwen regularly collects or attempts to collect debts owed or due another and therefore has not met the threshold requirement to plead a claim against Ocwen as a "debt collector" under the FDCPA. Count I will therefore be dismissed.

### *B. Plaintiff Has Sufficiently Pled a Claim Under the FCCPA*

Defendants argue that Plaintiff's conclusory allegations do not state a claim under the FCCPA against Ocwen. (Dkt. 10 at 7-8). Plaintiff alleges that Ocwen "refuse[d] to accept payments . . . tendered by [Plaintiff] on time and in good faith," "[sent] communications directly to [Plaintiff] while knowing she was represented by counsel," made "false representations of the amount and legal status of [Plaintiff's debt]," and "threat[ened] to take actions that could not legally be taken and/or that were not intended to be taken." (Dkt. 8 ¶ 19). Plaintiff's short, plain statements, taken as true and construed in the light most favorable to her, are sufficient to state a claim under the FCCPA.

4

## IV. CONCLUSION

Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 10) is **GRANTED in part and DENIED in part**. Count I is **DISMISSED**. Plaintiff is granted leave to file an amended complaint within **fourteen (14) days** of the date of this Order or file a notice of her election not to amend. Defendants' response will be due within **fourteen (14) days** from the filing of Plaintiff's second amended complaint or notice.

**DONE AND ORDERED** this 14th day of August, 2017.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record